**Donald B. HARGET, Jr., as surviving spouse and next of kin of Vickey Lynn Harget, Plaintiff–Appellant,**

v.

**ROBERT F. SHARPE & CO., INC., Defendant–Appellee.**

No. 01–5863.

United States Court of Appeals, Sixth Circuit.

June 20, 2002.

Before BOGGS, SILER, and MOORE, Circuit Judges.

Donald Harget, a Tennessee litigant, appeals a district court summary judgment in favor of the defendant, Robert F. Sharpe & Co., Inc., in this survivor action brought under the civil enforcement section of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. *See* Fed. R.App. P. 34(a).

The record indicates that Vicky Harget joined Sharpe & Co. on April 7, 1997, but that she signed her insurance enrollment form enrolling in the company's life insurance policy on December 16, 1997, more than thirty-one days after she began work for the company. After her employment with Sharpe & Co. began, Vicky Harget developed a medical condition that ultimately led to her death on January 21, 1999. As a result of Vicky Harget's delay in enrolling in the company's life insurance program, Principal Life Insurance Company denied Mrs. Harget's husband's claim for life insurance benefits. Donald Harget, as the surviving spouse of his late wife, sought $42,422.96 in life insurance benefits that were allegedly withheld from him due to the defendant's negligence. The district court granted summary judgment to the defendant after concluding that Harget failed to come forward with any evidence of material fact sufficient to preclude summary judgment. This timely appeal followed.

Upon de novo review, *see Brooks v. Am. Broad. Cos.,* 932 F.2d 495, 500 (6th Cir. 1991), we affirm the judgment for the reasons stated by the district court in its order filed May 30, 2001. Even if the affidavit testimony offered by the defendant is excluded, Donald Harget provided no proof that Sharpe & Co. ever breached any duty it owed to Vicky Harget. Without evidence permitting an inference that Sharpe & Co. breached some duty to Vicky Harget, there is no genuine issue of material fact with regard to Sharpe & Co.'s liability in this matter. *See* Fed.R.Civ.P. 56(e). The nonmoving party may not rest on the mere allegations in the pleadings. *See* Fed.R.Civ.P. 56(e); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Accordingly, summary judgment for the defendant was proper.

Accordingly, the district court's judgment should be affirmed.